

SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JAZZMEN LA VONE GASKINS
a/k/a Devin Thompson

APR 9 2025 PM4:07
FILED - USDC - FLMD - TPA

CASE NO. 8:25cr172-CEH-TGW

18 U.S.C. § 1591(a)
(Sex Trafficking)
18 U.S.C. § 2421
(Transportation of Individual to Engage in Prostitution)

3:25-441 (M)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Sex Trafficking)

From on or about July 29, 2023, and continuing through on or about March 5, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JAZZMEN LA VONE GASKINS,

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited by any means Victim 1, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Victim 1 to engage in a commercial sex act.

All in violation of Title 18, United States Code, § 1591(a)(1) and (2), and (b)(1).

## COUNT TWO
**(Transportation of Individual to Engage in Prostitution)**

On or about December 22, 2023, in the Middle District of Florida, and elsewhere, the defendant,

### JAZZMEN LA VONE GASKINS,

knowingly transported Victim 2, whose identity is known to the Grand Jury, in interstate commerce, from Texas to Florida, with intent that Victim 2 engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

In violation of Title 18, United States Code, § 2421.

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 1594 and 2428.

2. Upon conviction of a violation of 18 U.S.C. § 1591, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 1594, any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

3. Upon conviction of a violation of 18 U.S.C. § 2421, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the

commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).



A TRUE BILL

[Foreperson signature redacted]

GREGORY W. KEHOE
United States Attorney

By: _____
Courtney Derry
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

3